UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

FERNANDO D. LOPEZ GONZALEZ,

        Petitioner,

v.

UNKNOWN WARDEN et al.,

        Respondents.

_____/

Case No. 1:25-cv-1296

Honorable Robert J. Jonker

## ORDER TO SHOW CAUSE

This is a habeas corpus action brought by an individual detained by the United States Immigration and Customs Enforcement (ICE) at the North Lake Processing Center (North Lake) in Baldwin, Lake County, Michigan. Petitioner challenges the lawfulness of his detention.

Petitioner names the following as Respondents: Unknown Warden of North Lake, with immediate physical custody over Petitioner pursuant to North Lake's contract with ICE; Director of the Detroit Office of ICE Marty C. Raybon, Petitioner's legal custodian with authority to release him; Secretary of the Department of Homeland Security Kristi Noem, responsible for the implementation and enforcement of the Immigration and Nationality Act (INA) and overseeing ICE; and Attorney General of the United States Pamela Bondi, senior official of the United States Department of Justice with the authority to adjudicate removal cases and oversee the Executive Office for Immigration Review, which administers the immigration courts and BIA, and Petitioner's legal custodian. (Pet., ECF No. 1, PageID.3.). Petitioner asks the Court for the following relief: to assume jurisdiction over this matter, issue an order to show cause ordering Respondents to show cause why this petition should not be granted within three days; declare that

Petitioner's detention without an individualized determination violates the Due Process Clause of the Fifth Amendment; declare that Petitioner's detention was made in violation of statute and regulation; declare that the continued detention of Petitioner lacks statutory authorization; issue a writ of habeas corpus requiring Respondents to release Petitioner immediately; issue an order prohibiting Respondents from transferring Petitioner from the district without the Court's approval; and award Petitioner reasonable attorneys' fees and costs. (Pet., ECF No. 1, PageID.8.)

The Court has reviewed the application pursuant to 28 U.S.C. § 2243 and determined that additional factual and legal information is necessary to determine whether any of the relief requested by Petitioner should be granted. Therefore, the Court orders the following:

1. Not later than 21 days after entry of this order (using the time computing rules of Federal Rule of Civil Procedure 6),[1] Respondents shall show cause in writing why the writ of habeas corpus and other relief requested in the petition should not be granted. Respondents must also respond at the same time to each separate allegation of the petition as if the petition were a pleading under Rule 8 of the Federal Rules of Civil Procedure.

2. Not later than 21 days after entry of this order (using the time computing rules of Federal Rule of Civil Procedure 6), Respondents shall submit written responses to the following inquiries:

    a. Section 1225(b)(2) of Title 8 applies "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt

---

[1] Under 28 U.S.C. § 2243, the Court has discretion to enlarge the normal three business day window to up to 20 business days for good cause. Here, there is good cause to grant Respondents additional time to respond because the Court is requesting certain specific information that may not be readily available. The 21-day period calculated under Federal Rule of Civil Procedure 6 will be shorter than 20 business days.

      entitled to be admitted." In this case, has such a determination been made? If so, when was it made, by whom, and was the determination documented?

    b.    Has the Attorney General or her designee issued a warrant for Petitioner's arrest as contemplated by 8 U.S.C. § 1226? If so, when was the warrant issued and by whom?

    c.    Have removal proceedings under 8 U.S.C. § 1229a been initiated against the Petitioner? If not, when is it expected that such proceedings will be initiated?

    d.    Do Respondents believe there is any statutory authority to detain Petitioner outside the authority granted by 8 U.S.C. §§ 1225 and 1226? If so, what statute or statutes provide that authority?

    e.    Do Respondents believe the government possesses any other, non-statutory authority to detain aliens such as Petitioner? If so, what is the source of that authority?

3.    Petitioner may file a written reply not later than 10 days after Respondents file their response to the order to show cause (using the time computing rules of Federal Rule of Civil Procedure 6). If Petitioner wishes to seek any emergent relief, such as a temporary restraining order or preliminary injunction, he should proceed under Rule 65 of the Federal Rules of Civil Procedure.[2]

---

[2] Under 28 U.S.C. § 2243, the Court may apply the Rules Governing Section 2254 Cases ("Habeas Rules") to this proceeding. Rule 1(b), Rules Governing § 2254 Cases. Habeas Rule 12 allows the Court to apply the ordinary Rules of Civil Procedure as long as doing so is not inconsistent with the Habeas Rules. In this case, the Court believes that using the preliminary injunction framework of Rule 65 of the Federal Rules of Civil Procedure provides the best way to frame any issues for emergent relief.

4. The Court will schedule a hearing, if necessary, after the parties have filed their submissions.

**IT IS SO ORDERED**

Dated:  October 28, 2025              /s/ Robert J. Jonker
                                       Robert J. Jonker
                                       United States District Judge